### ELISHA PECK & another *vs.* LEMUEL H. FISHER.

Real estate, conveyed to and held by partners as tenants in common, though purchased by them with partnership funds, and for the partnership use, is to be considered at law as the several property of the individual partners and liable to

be levied on for their separate debts; but if so taken, it will be held by the creditor in trust, to be applied, so far as may be necessary, to the payment of the partnership debts.

B. and C. were partners under the firm of B. & C., and also copartners with A, under the firm of A. B. & C. The demandant, a partnership creditor of the firm of A. B. & C., having attached and levied on the real estate of B. & C., purchased by them with their partnership funds and for their partnership use, but held by them as tenants in common, the same was subsequently attached and levied on by the tenant, who was a creditor of the firm of B. & C., as their partnership property and the demandant brought his writ of entry to recover the same; it was held, that the demandant, by his previous attachment and levy, acquired the better title at law to the demanded premises, and was entitled to judgment; but as a suit in equity was pending to subject the same to the partnership debts of B. & C., judgment was suspended to await the result of that suit.

In this case, which was argued by *I. Sumner* and *J. E. Field,* for the demandants, and by *W. Porter* and *F. Chamberlain,* for the tenant, the material facts are sufficiently stated in the opinion of the court, which was read at September term 1852, as drawn up by

FLETCHER, J. This is a writ of entry. Both parties claim to have a title to the demanded premises derived from Lewis Beach and James H. Royce, who were partners in business under the firm of Beach & Royce.

It appears from the evidence, that the demanded premises were purchased by the firm of Beach & Royce, with their partnership funds, for partnership purposes, and had always been used by the firm for partnership purposes, and that the profits thereof had accrued to the partnership estate of the firm of Beach & Royce. It also appears, that Beach & Royce were copartners with John Z. Goodrich in another distinct and independent firm, composed of John Z. Goodrich, Lewis Beach, and James H. Royce, doing business under the name and firm of Goodrich, Beach & Royce.

The demandants in this suit were the creditors of this latter firm of Goodrich, Beach & Royce, and to secure their claim sued out a writ of attachment against the firm, and on the 14th of July, 1848, duly attached the demanded premises, the title to which was in Beach & Royce as before stated. This suit duly proceeded to judgment, which was rendered on the 25th of April, 1849; and on the next day, the 26th of the same

April, execution was issued on the judgment, which was on the same 26th of April, levied on the demanded premises, then belonging to Beach & Royce as aforesaid, which were duly set off to the demandants, on the execution, and the same never having been redeemed, the demandants claim a title thereto, under and by virtue of this levy and setting off to them on their execution against Goodrich, Beach & Royce. This constitutes the demandants' title, upon which they seek to recover the demanded premises in this suit.

To meet this title of the demandants, the tenant, who was a creditor of the separate firm of Beach & Royce, set up a title in himself to the demanded premises; first, under a mortgage thereof, executed to him by Beach & Royce, on the 9th of November, 1848, to secure the payment of their debt to him; and second, under an attachment made on the 26th of May, 1849, on a writ sued out by him against Beach & Royce, which proceeded to judgment, upon which execution was issued, and levied on the demanded premises, which were duly set off to him.

It is maintained, for the tenant, that though the mortgage to him and his attachment, were subsequent, in point of time, to the demandants' attachment, yet that the tenant has the better title, because his debt was against the firm of Beach & Royce, to whom the estate belonged; whereas the demandants were the creditors of the firm of Goodrich, Beach & Royce, of which Beach & Royce were individual members, and the demandants levied on the demanded premises, therefore, as the individual property of Beach & Royce. The ground on which the tenant rests his title is, that the demanded premises were the partnership property of the firm of Beach & Royce; that by law the partnership property must first be applied to the payment of partnership debts; that his was a partnership debt of the firm of Beach & Royce; and that therefore his title, though subsequent in time, will take precedence of the prior attachment of the demandants, as their debt was not a partnership debt of the firm of Beach & Royce.

The debt, for which the tenant made his attachment, an l

for which the demanded premises were set off to him, is understood to be the same secured by the mortgage to him. Whether Beach & Royce could convey the land after the demandants' attachment, and whether the tenant can set up his mortgage after the mortgaged premises have been set off to him on execution to satisfy the mortgage debt, and whether the tenant's attachment was not too late to avail him, even on his own principles, being after the demandants' debt was satisfied by setting off the demanded premises on their execution, are questions which need not now be considered.

It appears from the evidence that Beach & Royce, at the time the demandants' attachment was made, were insolvent, and have continued to be insolvent and unable to pay their partnership debts. The question therefore now is, whether the tenant has the better title, on the ground that the demanded premises were the partnership property of the firm of Beach & Royce, and must be applied in payment of their partnership debt to the tenant, in preference to the debt of the demandants, which was not a partnership debt of the firm of Beach & Royce.

It is, no doubt, a well established principle of law, that partnership stock and property, consisting of personal estate, must first be applied to the payment of partnership debts, and therefore that an attachment of such partnership property for a partnership debt, though subsequent in time, will take precedence of a prior attachment of the same property, for the debt of one of the partners; it being considered that the real and actual interest of each partner in such partnership stock is the net balance, which will be coming to him, after payment of all the partnership debts and a just settlement of the account between himself and his partner.

The inquiry now is, whether the present case comes within this general principle as to personal property, that is to say, whether real estate purchased by partners for the partnership business, paid for out of the partnership funds, and used for partnership purposes, under a deed in common form, conveying the same to them by their several names — such a deed as would ordinarily make them tenants in common — should be

33*

considered as partnership stock, or as estate held in common, and not in joint tenancy, so far as the legal title is in question.

It must be kept constantly in mind, that the question, raised in the present case, is wholly in regard to the legal title to the estate, and not in regard to any trust or equitable interest.

The rules and principles, by which partners hold real estate purchased by them with partnership funds, and for partnership purposes, have been much considered in England and in the various states of the United States, and there are various decisions on the subject. It is quite unnecessary, and would be wholly unprofitable, to go into any extended discussion of the general subject; as the various cases, in which it has been largely discussed, have been fully collected, and the results of the decisions clearly stated, in several elementary works. 3 Kent Com. (6th ed.) 38, and notes; Collyer on Partn. §§ 136, 156 and notes.

The law upon this subject, in this commonwealth, must be regarded as fully settled by the recent decisions of this court. *Goodwin* v. *Richardson*, 11 Mass. 469; *Burnside* v. *Merrick*, 4 Met. 537; *Dyer* v. *Clark*, 5 Met. 562; *Howard* v. *Priest*, 5 Met. 582. Nothing more can be necessary for the decision of the present case, than simply a statement of the doctrine as established by these adjudged cases. The result of the decisions in this court is, that real estate purchased by partners, with the partnership funds, for partnership use and convenience, and conveyed to them in such manner as to make them tenants in common, must be considered, at law, as the several property of the partners, as tenants in common; and must be dealt with in this court, as a court of law, according to the legal title, as the several property of the partners, as tenants in common, and not as partnership property of the partners, as joint tenants; yet that it will be considered and treated in equity, as so held as the several property of the partners, as tenants in common, subject to a trust arising by implication of law, by which it is liable to be applied, if necessary, to the payment of the partnership debts; and that neither it nor its proceeds can be held by the separate owner, except to the extent of his interest in any balance, if any there be, on a final settlement of partnership accounts.

Upon these principles, as this is a suit at law, to be disposed of according to the principles of law; and as, at law, Beach & Royce must be regarded as tenants in common, and as their separate estates in the land were liable to be taken for their separate debts, and as the demandants' attachment was prior in time; the demandants, at law, have acquired the better title and are at law entitled to judgment. But as in equity a different disposition of the property may be made, and as it is understood that a suit in equity is pending, the judgment in this case will be suspended to await the result of the suit in equity.